## STEWART v. BOWERMAN.

REPLEVIN—APPEAL—CONCLUSIVE FINDING.

> Where, in replevin for a horse alleged to have been mortgaged
> to plaintiff and sold by the mortgagor to defendant, the jury
> found specially that the horse was not the one covered by the
> mortgage, and no error was assigned to matters entering into
> such finding, errors relating to the evidence and instructions
> on the subject of *bona fide* purchase are immaterial, and will
> not be reviewed.

Error to Grand Traverse; Mayne, J. Submitted December 11, 1901. Decided December 21, 1901.

Replevin by Rachael Stewart, executrix of the last will and testament of Neil Stewart, deceased, against Moses Bowerman. From a judgment for defendant, plaintiff brings error. Affirmed.

*Thompson & Temple*, for appellant.

*Patchin & Crotser*, for appellee.

GRANT, J. One Stewart, of whose will plaintiff is executrix, sold and delivered to Bentley & Sherburne on the 12th day of January, 1898, a team of horses, and, to secure the balance of the purchase price, took from B. & S. a chattel mortgage upon them. This mortgage was duly filed with the township clerk of the township where B. & S. resided. Shortly thereafter B. & S. sold them to the defendant. The horses were described in the mortgage as a brown team, while the horse in dispute was a bay. Subsequently plaintiff found what she claimed to be one of the team in possession of the defendant, demanded possession, was refused, and instituted this action of replevin to recover possession. The main defense was that the horse replevied was not the one described in the mortgage, but had been owned by, and was in the possession of, B. & S.

prior to the sale and delivery of the Stewart team to them. Verdict and judgment went for the defendant.

In reply to a special question, which appears to have been submitted without objection, the jury found that the horse in dispute was in the possession of B. & S. prior to the sale and delivery of the team to them by Stewart. The question was one of identification, on which there was a conflict of evidence. The jury have settled it in favor of the defendant. No error is assigned upon this branch of the case. The errors assigned relate to the admission of testimony and the instructions of the court in regard to the purchase by defendant without any notice of the chattel mortgage, and upon the representations of B. & S. that the horses were free from any mortgage. The finding by the jury that the horse was not the one described in the mortgage renders a discussion of the questions raised immaterial.

Judgment is therefore affirmed.

The other Justices concurred.